**Mary E. SEEBACH, Appellant,**

v.

**Joseph M. CULLEN, District Director, Bureau of Internal Revenue, et al., Appellees.**

**No. 19145.**

United States Court of Appeals
Ninth Circuit.

Nov. 6, 1964.

Claude Dawson, Washington, D. C., Oliphant, Hopper & Stribling, Oakland, Cal., for appellant.

John W. Douglas, Asst. Atty. Gen., Alan S. Rosenthal, John C. Eldridge, Dept. of Justice, Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., for appellees.

Before MERRILL and DUNIWAY, Circuit Judges, and BASTIAN, Circuit Judge, sitting by designation.

BASTIAN, Circuit Judge.

This is an appeal from an order of the United States District Court granting summary judgment in favor of appellees, thereby upholding appellant's dismissal from her position with the Internal Revenue Service.

■ Judicial review of dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially complied with. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); and see Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957), and cases there cited. Thus, the scope of our review is confined to questions of law, and a motion for summary judgment was an appropriate means of reaching and deciding the issues in the District Court.

■ In the institution of the removal proceedings here attacked, appellant was charged with (1) emotional instability and (2) inefficiency, eleven examples of emotional instability and thirteen examples of inefficiency being offered in support of the charges. Her removal was upheld in all the administrative review proceedings held prior to the filing of this action. The only error claimed by appellant with respect to her removal [1]

---

1. Appellant's brief discussed several contentions regarding the alleged illegality of the acts of appellees in placing her on sick and annual leave, and on leave-without-pay status pending certain administrative appeals in connection with this case. We do not deal with these points because we believe, and appellant's counsel concedes, that the United States Court of Claims has exclusive jurisdiction over such matters. Jurisdiction in the District Court is precluded by 28 U.S.C. § 1346(d) since Miss Seebach's only relief from the forced utilization of her accumulated leave, if illegal, would be money damages. As appellees note in

which we consider substantial is that the notice of removal failed to state specific findings as to the truth or falsity of each of the twenty-four examples of conduct alleged by her superiors to be illustrative of the reasons for her removal.

Appellant's removal was effected pursuant to the Lloyd-LaFollette Act, 37 Stat. 555 (1912), 5 U.S.C. § 652(a) (1958), which permits removal from the classified civil service "for such cause as will promote the efficiency of such service and for reasons given in writing." The Act and the applicable regulations require that the notice of removal "clearly identify which of the reasons are relied upon in taking the adverse action." Appellant's complaint is simply that the reasons for her removal were not stated, as required.

■ We believe that appellant misunderstands the procedural requirements. She equates "reasons" with "examples" and contends that, since twenty-four examples of alleged conduct were offered in support of the charges filed against her, each example must be found to be proved or disproved and the findings stated in the removal notice. The examples, however, are in the nature of a bill of particulars and are not the ultimate reasons for the dismissal. The reasons for appellant's removal from the classified civil service were clearly stated

their brief, the case of Mary E. Seebach v. United States, No. 123–63, filed April 24, 1963, is pending in the Court of Claims.

in the notification of personnel action form:

"Reasons: Emotional Instability as evidenced by deep-seated feelings and resentments on subjects of sex discrimination, illegitimacy, and men in general. Inefficiency in handling tax cases as evidenced by technical and procedural errors, substandard report writing, and lack of proper audit techniques."

Specific findings with respect to each example of conduct underlying these reasons were unnecessary; and we note that, even had they been made, such findings would be of no value to appellant here for we do not review findings of fact in cases such as this.

■ Appellant further contends that examples of either emotional instability or inefficiency which occurred during 1959, or any other years for which she received a rating of satisfactory or better, can not be relied upon in this removal proceeding. We disagree. See Thomas v. Ward, 96 U.S.App.D.C. 302, 225 F.2d 953 (1955), cert. denied, 350 U.S. 958, 76 S.Ct. 348, 100 L.Ed. 833 (1956). See also De Fino v. McNamara, 109 U.S.App.D.C. 300, 287 F.2d 339 (1961).[2]

The judgment of the District Court is affirmed.

2. Further, it may be pointed out that all but three of the eleven examples of emotional instability and all of the thirteen examples of inefficiency relate to a time for which she had not received the satisfactory rating.