Helen **BRANCADORA**, Appellant,

v.

**FEDERAL NATIONAL MORTGAGE AS-SOCIATION, Paul Akin, J. S. Baughman and Arthur Welch, Appellees.**

**No. 19550.**

United States Court of Appeals
Ninth Circuit.

April 30, 1965.

I. A. Kanarek, Van Nuys, Cal., for appellant.

Phil H. Curry, Los Angeles, Cal., Stanley Rogers, Beverly Hills, Cal., for appellees.

Before JERTBERG and ELY, Circuit Judges, and POWELL, District Judge.

JERTBERG, Circuit Judge:

Helen Brancadora, plaintiff in the District Court and appellant here, appeals from order of dismissal of appellant's action.

The action was originally filed in the Superior Court of the State of California in and for the County of Los Angeles. In such complaint she sought damages, general and exemplary, against the appellees for wrongfully causing dismissal from her employment in a Federal Civil Service capacity as an "Examiner GS-4, Controller's Division, Los Angeles Agency" of the appellee Federal National Mortgage Association. In the complaint it is alleged that the corporate appellee is a corporation organized by an Act of Congress and exists pursuant to Federal law. It is further alleged that the individual appellees are agents and employees of the appellee corporation and that they employed fraudulent means and used the powers given them by the corporate appellee in such manner as to cause the corporate appellee to dismiss her.

It appears in the record that the United States is the owner of more than one-half of the capital stock of the corporate appellee.

Upon petition by the appellees the cause was removed from the state court to the United States District Court. No opposition to such removal was made by appellant.

Appellees filed their answer to the complaint in the District Court and all subsequent proceedings were had in that court.

During the course of discovery proceedings in the District Court it came to the attention of the District Court that the dismissal of appellant from her position had been reviewed under civil service regulations and affirmed. Thereupon the District Court requested both parties to brief the question of whether or not the case should be dismissed by reason of the lack of jurisdiction in the court to review appellant's dismissal from her classified Civil Service position. Thereafter the District Court entered its order dismissing appellant's action.

The record reveals that under date of December 29, 1961 appellant was notified in writing by appellee J. S. Baughman, president of the corporate appellee, of her proposed removal from her Civil Service position because of insubordination and an uncooperative and disrespectful attitude. Such notice advised appellant that she had ten days in which to reply personally or in writing to such proposed removal. Appellant replied to said notice in writing on January 8, 1962. On January 18, 1962 appellant was advised in writing of appellee Baughman's decision to remove her from the service effective February 4, 1962. In said notice appellant was advised of her right to appeal that decision to the Director of the 12th United States Civil Service Region in San Francisco, California. Appellant appealed to such director and her said appeal was denied. Thereafter appellant appealed the adverse decision to the Board of Appeal and Review of the United States Civil Service Commission in Washington, D. C., which upheld the decision of the 12th United States Civil Service Region.

Both on brief and oral argument counsel for the appellant conceded that at all stages of the proceedings which resulted in removal of appellant from her Civil Service position and employment, advantage was taken by appellant of all procedural safeguards afforded Civil Service employees.

■ The law appears to be well settled that, given "substantial compliance" with procedural requirements, the administrative determination by an employing agency of what constitutes cause for discharge for administrative misconduct will not be judicially reviewed. The latest expression of that rule appears in a recent decision of this court wherein it is stated:

"Judicial review of dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially complied with. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); and see Hargett v. Summerfield, 100 U.S. App.D.C. 85, 243 F.2d 29 (1957), and cases there cited. Thus, the scope of our review is confined to questions of law, and a motion for summary judgment was an appropriate means of reaching and deciding the issues in the District Court." Seebach v. Cullen, 338 F.2d 663 (9th Cir. 1964).

■ It appears clear that the District Court's refusal to review the dismissal of appellant, insofar as the action instituted by appellant relates to the corporate appellee, was proper. The order of dismissal of the action as to such corporate appellee is affirmed.

■ It appears in the record that two of the individual appellees and appellant are citizens and residents of the State of California. No contention is made by the appellant that there is any basis for jurisdiction in the District Court of appellant's action against the individual

appellees. Whether or not appellant's action states a cause of action against the individual appellees is a matter which should be determined by courts of the State of California. 28 U.S.C. § 1447 (c) provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

The order of dismissal of the action by the District Court insofar as such order relates to the individual appellees is vacated and set aside and the cause is remanded to the District Court with the suggestion that appellant's case against the individual appellees be remanded to the State court from whence it was removed.