Eddie L. **BROWN**, Plaintiff-Appellant,

v.

Eugene M. **ZUCKERT**, Secretary of the
Air Force, et al., Defendants-
Appellees.

No. 14934.

United States Court of Appeals
Seventh Circuit.

June 23, 1965.

Rehearing Denied July 26, 1965.

Kiley, Circuit Judge, dissented.

Ellis E. Reid, Chicago, Ill., for plaintiff-appellant.

Morton Hollander, Chief, Appellate Section, John C. Eldridge, Atty., Dept. of Justice, Washington, D. C., John W. Douglas, Asst. Atty. Gen., Edward V. Hanrahan, U. S. Atty., for defendants-appellees.

Before DUFFY, KNOCH and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

Plaintiff is a former veterans' preference eligible civilian employee of the United States Air Force.[1] The defendants are, respectively, the Secretary of the Air Force and the Chairman of the United States Civil Service Commission. Plaintiff seeks to obtain reinstatement as an employee of the United States, more particularly, he has requested a judicial review of his removal from his former position as a tractor-trailer operator with the 64th Troop Carrier Squadron, O'Hare International Airport, Chicago, Illinois.

The District Court denied plaintiff's motion for a summary judgment but granted the defendants' motion for summary judgment. This appeal followed, plaintiff claiming the District Court should have ordered his reinstatement with pay.

By letter of December 8, 1961, plaintiff was notified that it was proposed to remove him from his position for violation of safety regulations, to-wit: driving an aircraft refueling tractor-trailer

---

1. Veterans' Preference Act, 5 U.S.C. § 851 et seq.

unit under the wing of a C-119 aircraft while the engines of the aircraft were running and the aircraft was moving. The names of two witnesses were given. The letter stated "It is proposed to remove you from your position with the Air Force not earlier than 30 calendar days after your receipt of this letter for a second major violation of safety practice and regulations." An earlier offense in August 1959, resulting in a 10-day suspension, was also described in the letter. The plaintiff was informed that he could answer the charges personally and/or in writing and could submit affidavits.

Brown submitted a written reply on December 21, 1961, in which he denied the charges. By letter dated January 5, 1962, Brown was notified he would be removed on January 12, 1962, and that he would have ten days in which to appeal under the Air Force Grievance Procedure, or he could appeal to the United States Civil Service Commission, as provided for in Section 14 of the Veterans' Preference Act, 5 U.S.C. § 863.

A timely appeal was taken under the Air Force Grievance Procedure, but Brown then withdrew that appeal and, instead, appealed his discharge to the United States Civil Service Commission.[2]

Prior to the hearing by the Civil Service Commission, plaintiff wrote a letter to the Commission's Regional Director requesting that five named individuals be present at the hearing so that they could be cross-examined. Among these were Messrs. Czub and Ten Eyck who had signed statements that they had witnessed plaintiff's violation of the safety regulations. These persons were not present at the hearing.

On August 15, 1962, the Commission rendered a decision holding that none of the plaintiff's procedural rights were violated, that his removal from government employment was warranted, and that the removal was effected for the purpose of promoting efficiency of the service.[3]

Plaintiff appealed to the Civil Service Commission Board of Appeals and Review which affirmed the decision of the Chicago Regional Office. Plaintiff then filed his complaint in the instant case seeking a judicial review of the administrative action and seeking an order reinstating him to his previous employment.

After the filing of the complaint herein, defendants, while in no way conceding that plaintiff's procedural rights had been violated, nevertheless offered the plaintiff a hearing *de novo* before the Civil Service Commission at which the Air Force would use every reasonable effort to produce the witnesses requested by plaintiff. Defendants moved the Court to remand the case to the Commission. Neither the Civil Service Commission nor the Air Force has the power of subpoena.[4] Plaintiff rejected the offer and the District Court denied defendants' motion to remand the case.

During the oral argument before this Court, defendants again renewed the offer and again the plaintiff, through his attorney, refused to accept.

Plaintiff's claim rests on two grounds — 1) the administrative finding was unsupported by substantial evidence, and 2) plaintiff's procedural rights were violated because the Air Force did not produce at the administrative hearing, certain per-

2. In addition, plaintiff filed a complaint with the Air Force Employment Policy Officer alleging that his removal resulted from discriminatory practices. He was granted a hearing on March 9, 1962. On May 17, 1962, the Employment Policy Officer rendered a decision finding no evidence to substantiate the allegations of discrimination. Plaintiff was advised he could appeal the decision but, apparently, he did not do so.

3. 5 U.S.C. § 652(a) provides for removal from the classified civil service "for such cause as will promote the efficiency of such service and for reasons given in writing."

4. 5 C.F.R. § 22.607, titled "Appearance of Witnesses" provides "The Commission is not authorized to subpoena witnesses. The employee and his designated representative, and the employing agency, must make their own arrangements for the appearance of witnesses."

sons whom plaintiff desired to cross-examine.

■ We first consider the scope of review which a court has in an employee removal case such as this. "Judicial review of a dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially complied with." Seebach v. Cullen, 9 Cir., 338 F.2d 663, 664.

Another statement of the applicable rule as to the scope of review appears in the recent case of McTiernan v. Gronouski, 2 Cir., 337 F.2d 31, 34 (1964)— "The taking of disciplinary action against government employees, including the invocation of the sanction of dismissal, is a matter of executive discretion, and is subject to judicial supervision only to the extent required to insure 'substantial compliance with the pertinent statutory procedures provided by Congress;' * * * and to guard against arbitrary or capricious action. * * *"

In Seebach, supra, 338 F.2d at page 665, the Court emphasized " * * * [W]e do not review findings of fact in cases such as this." We agree! It follows that plaintiff's arguments directed to the unsubstantiality of the evidence is not the basis for judicial review. We, therefore, turn to a consideration of plaintiff's claim that his procedural rights were violated.

The nub of plaintiff's complaint is that his attorney had no opportunity to cross-examine witnesses, in particular, Messrs. Czub and Ten Eyck. It should be noted that in the discrimination hearing, Mr. Czub appeared and testified, and was closely cross-examined by plaintiff's attorney. Czub testified that plaintiff's truck was "pretty close to the wing in my opinion even right under the wing." This testimony corroborated Czub's written statement. The Civil Service Commission had the right to consider this testimony.

There is no statute requiring the production of witnesses at a hearing on a government employee's removal. The basic civil service statute, 5 U.S.C. 652 (a) provides: "No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay."

The Veterans' Preference Act, 5 U.S.C. § 863, makes no reference to any right of hearing or to the cross-examination of witnesses or to the production of witnesses. However, this Act does authorize the Civil Service Commission to promulgate regulations effectuating the right of appeal. By such regulations, veterans' preference eligibles are granted a right to present, examine and cross-examine witnesses if certain conditions are met.

The two pertinent regulations are 5 C.F.R. § 22.603—"Opportunity will be afforded for the introduction of evidence (including testimony and statement by the employee and his designated representative and witnesses, and the representatives of the agency and its witnesses) and for the cross-examination of witnesses." And, 5 C.F.R., § 22.607 (as hereinbefore stated) "The Commission is not authorized to subpoena witnesses. The employee and his designated representative, and the employing agency, must make their own arrangements for the appearance of witnesses."

The Supreme Court in Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403, 9 L.Ed.2d 486, held that a discharged employee must make his request for the production of witnesses in conformity with the regulations hereinbefore quoted. The Court said at page 532, 83 S.Ct. at page 404: "The request for production of the witnesses, made only at the hearing by petitioner's counsel, was neither timely nor in conformity with the applicable regulations, which contemplate that the party desiring the presence of witnesses, either for direct examination

or cross-examination, shall assume the initial burden of producing them."[5]

The employee would have to do something more than merely notify the agency that he desired certain witnesses to attend a hearing. As indicated in McTiernan, supra, at page 37, the employee should, at least, make a showing that he attempted to contact such a witness and attempted to arrange for his attendance at the hearing.

It is, therefore, clear that it is only after the employee discharges his initial burden that he is entitled to have the agency,—here, the Air Force, attempt to have the desired witnesses produced.

The plaintiff in the instant case failed to discharge his initial burden. It is also clear that at no time did he ever request the Air Force to attempt to produce the Air Force employees involved, except in connection with his appeal under the Air Force Grievance Procedure which was later abandoned by plaintiff. In that proceeding, the Air Force told plaintiff it was incumbent on him to obtain such witnesses as he desired, and, in addition, gave to plaintiff the home address of one of the witnesses he sought to interview. The Air Force also suggested plaintiff contact such persons at their homes.

In view of the clear language of the Civil Service Commission's regulations and the uniform decisions of the courts, we think there is no substance to plaintiff's argument that he was denied the right of cross-examination at the Civil Service Commission hearing and that hence his procedural rights were violated. We think the District Court's dismissal of the action for reinstatement was warranted, and the decision of the District Court in granting defendants' motion for summary judgment was correct.

Affirmed.

KILEY, Circuit Judge (dissenting).

I respectfully dissent. The question is whether there was no genuine issue as to any material fact, so as to justify the summary judgment. I think there is an issue whether the Civil Service Regulations 5 C.F.R. 22.603 and 22.607,[1] as interpreted and applied in this case, deprive Brown, one of the class for whose benefit the Veterans' Preference Act was intended, of the privileges held out in the Regulations.

Brown, a veteran and a Civil Service employee with more than twelve years of federal service, was charged with a second "major offense" against safety regulations for which the mandatory penalty is discharge. The only witnesses in support of the charges against him were two Air Force civilian mechanics. Their testimony was accepted at the hearing in the form of two unsworn written statements. These were admitted over the objection of Brown's attorney that Brown was being denied due process by being deprived of the opportunity to cross-examine the authors of the statements.

By implication, the Supreme Court in the language and orders in Williams v. Zuckert, 371 U.S. 531, 83 S.Ct. 403 (1963) [order vacated and cause remanded 372 U.S. 765, 83 S.Ct. 1102 (1963), decided after both the hearing examiner's decision and that of the Board of Appeal and Review in the present case] held that in this type of case a discharged employee entitled to the benefits of the Veterans' Preference Act is denied a fair hearing where the employing agency, upon request, fails to produce witnesses within its control, after the employee has been unable to secure their attendance.

Civil Service Commission Regulation 5 C.F.R. 22.603 provides for Brown's opportunity to cross-examine witnesses.

---

5. The Supreme Court granted a rehearing (372 U.S. 765, 83 S.Ct. 1102, 10 L. Ed.2d 136) because of factual contentions advanced by petitioner. The case was remanded to the District Court for a hearing to determine whether petitioner had discharged his initial burden. In the instant case, plaintiff was twice offered such a hearing but refused to accept it.

1. Now 5 C.F.R. § 772.305(c).

Regulation 22.607 requires him to make his "own arrangements for the appearance of witnesses." In other words, if he desires to avail himself of the opportunity to be confronted with witnesses against him, implicit in the opportunity for cross-examination, and to cross-examine them, he must make arrangements to have them present.

The record before us contains evidence of what happened when Brown, in support of his subsequently withdrawn claim of discrimination in the discharge, sought to interview Czub and obtain a statement from Ten Eyck. There is evidence that Brown and his attorney were told by Air Force personnel, contrary to fact at that time, that the Air Force had written statements from two witnesses against him; that Ten Eyck was commanded by his superior not to give any statement to Brown; that when Brown's attorney asked Ten Eyck if he could see him on a non-working day and whether he would make a statement, Ten Eyck said he did not want to make a statement; and that it was common knowledge among personnel at the base that there was no love lost between Czub and Brown, from which it could be inferred that Czub would not appear and testify at Brown's request. Brown's letter to the Commission requested that the Air Force produce Czub and Ten Eyck as witnesses at the hearing, and there is no denial that the Air Force was notified of this request in the course of ordinary Commission pre-hearing procedures. On this record, therefore, there are genuine issues of material fact whether Brown met his burden of attempting to obtain the witnesses and, failing in that, to request the Air Force to produce them, and on these issues rests the question of law whether he was denied a fair hearing within the requirements set forth in Williams v. Zuckert.

The offer by the Air Force and the Commission of a *de novo* hearing, made after the orders in Williams v. Zuckert, cannot deny Brown the right, if he chooses, to reject the offer and pursue his remedy of determination by the courts whether the hearing which he received met the tests set out in that case.

I would reverse the summary judgment and remand in substantially the same manner the Supreme Court did in Williams v. Zuckert, 372 U.S. 765, 83 S.Ct. 1102 (1963), "with instructions to hold a hearing and determine whether the petitioner, desiring the presence of witnesses at his hearing, either discharged his initial burden under the applicable regulations by making timely and sufficient attempt to obtain their presence or, under the circumstances and without fault of his own, was justified in failing to make such attempt, and, if so, whether proper and timely demand was made upon the Air Force so that it was required to produce such witnesses for cross-examination. Upon making such determination, the District Court shall thereupon enter such further order or judgment as may be appropriate."

