**Alden K. GRAY, Appellant,**

v.

**John W. MACY, Jr., etc., Appellees.**

No. 20056.

United States Court of Appeals
Ninth Circuit.

March 21, 1966.

Wm. S. McLennan, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Charles H. Habernigg, Asst. U. S. Atty., Portland, Or., for appellees.

Before MERRILL, BROWNING, and ELY, Circuit Judges.

PER CURIAM.

The United States Civil Service Commission removed appellant from his position as a Post Office Department distribution clerk at Corvallis, Oregon. The Commission based its action upon a determination that the evidence offered at the administrative hearing sustained five separate charges of violation by the appellant of the Hatch Act, 53 Stat. 1148 (1939) as amended, 54 Stat. 767 (1940), 5 U.S.C.A. § 118i.

We have concluded (1) that Charge III, relating to the solicitation of Francis M. Coon to vote for the election of E. L. Callahan as Chairman of the Benton County Democratic Party Central Committee was not supported by substantial evidence; (2) that the evidence in support of Charge IV, relating to appellant's speaking at a meeting of the Democratic Party Central Committee at Corvallis, Oregon, reflects no more than the public expression by appellant of an opinion on a political subject, which is activity protected both by the statute, 53 Stat. 1148 (1939) as amended, 54 Stat. 767 (1940), 5 U.S.C.A. § 118i(a), and by Civil Service Rule IV, 5 C.F.R. § 4.1; and (3) that Charge V, relating to the solicitation of registered members of the Democratic Party, is not supported by substantial evidence as to three of the five incidents charged, and the remaining two incidents were not sufficient to sustain the charge of active participation in the management of the Benton County Democratic Party Central Committee at Corvallis, Oregon.

There is substantial doubt whether the activity alleged in the remaining Charge I and Charge II, standing alone, would constitute the taking of an "active part in political management or in political campaigns" within the meaning of the Hatch Act. Cf. Wilson v. United States Civil Serv. Comm'n, 136 F.Supp. 104 (D.D.C.1955). In any event, the question is one to be decided initially by the Commission.

Moreover, even if it were clear that activity alleged in Charges I and II violated the Act, we would be wholly unjustified in concluding that the Commission would find that this violation, standing alone, warranted appellant's discharge from employment. Cf. Bond v. Vance, 117 U.S. App.D.C. 203, 327 F.2d 901 (1964).

The judgment is therefore reversed and remanded with instructions to set aside the agency action and remand to the Commission for further proceedings consistent with this opinion.