**Miriam R. COLEDANCHISE, Plaintiff,**

**v.**

**Honorable John W. MACY, Jr., Chairman, Civil Service Commission, Honorable Ludwig J. Andolsen, Commissioner, and Honorable Robert E. Hampton, Commissioner, Defendants.**

**Civ. A. No. 66–199.**

United States District Court
D. South Carolina,
Charleston Division.

March 7, 1967.

Ellis I. Kahn and Marvin I. Oberman, Charleston, S. C., for plaintiff.

Terrell L. Glenn, U. S. Atty., by Thomas P. Simpson, Asst. U. S. Atty., for defendants.

## ORDER

SIMONS, District Judge.

This matter is before the court on motions for summary judgment filed by defendants and plaintiff. Plaintiff's complaint invokes jurisdiction under 28 U.S.C. § 1361 and § 1391, and alleges in substance that plaintiff, a resident of this judicial district and a former civil service employee, was employed at the United States Marine Recruit Depot at Parris Island, South Carolina; that her employment was controlled and regulated by the rules, regulations, policies and acts of the United States Civil Service Commission; and that she was wrongfully discharged from her position. Under 28 U.S.C. § 1361 this court has original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States, or any agency thereof, to perform a duty owed to plaintiff. See Rule 81(b) of the Federal Rules of Civil Procedure. Under 28 U.S.C. § 1391(e) venue lies in the judicial district in which plaintiff resides.

## HISTORY OF THE CASE

Plaintiff, a career civil service employee [1] who was born December 7, 1926, commenced government employment in 1958, and was separated from government service on March 21, 1965 for inefficiency and the good of the service, after she had worked approximately six years and seven months.

Plaintiff was first employed at the Marine Corps Recruit Depot at Parris Island, South Carolina, on July 25, 1960 as an Accounts Maintenance Clerk (typing) at a grade GS–4. For her services from January 16 to July 16, 1961 she was commended for sustained superior performance and given a special award of $100. On February 2, 1962 she was given a cash award for a beneficial suggestion in an incentive awards program. On March 22, 1962 she was recipient of a cash award of $35.00 in the same program. On June 24, 1962 she was promoted to Personnel Clerk (training; typing) at a grade GS–5. She received another cash award January 25, 1963 of $25.00 in the incentive awards program. Nevertheless, on June 17, 1963 she was denied a within-grade salary increase because her work was not at an acceptable level of competence. This decision was made by an immediate supervisor and concurred in at the next supervisory level. Thereafter, she appealed the performance rating to the Depot's Performance Rating Board on August 26, 1963, and to the Commission's Statutory Board of Review on September 26, 1963. Hearings were held in each instance, resulting in adverse decisions. She was granted a salary increase on December 22, 1963 upon a determination that she had reached an acceptable level of competence.

Following an audit in April 1964 by a Navy Department Area Wage and Classification Office Representative, her Personnel Clerk position was downgraded to that of Clerk-Typist at grade GS–3. Plaintiff was given the required advance notice and was offered placement in appropriate vacant positions above the GS–3 level. Since there were no vacant GS–5 positions, she elected placement in one of two vacant GS–4 positions for which she was qualified. She, therefore, on June 7, 1964 commenced working as a Financial Accounting Clerk (typing) at grade GS–4.

On November 17, 1964 plaintiff's immediate supervisor in the Cost Accounting Unit, after prolonged individual supervision, informed her by letter that

---

1. As a career Civil Service employee she came within the protection of Title 5 U.S.C.A. § 652. Also, on February 20, 1964 she was granted a ten point preference by the United States Civil Service Commission based upon her husband's status as a seventy percent disabled veteran, which therefore made her a preference eligible within the protection of Title 5 U.S.C.A. § 863.

her work performance was unsatisfactory in that: (1) She had failed to mail particular bills on time in accordance with her duties; (2) She had failed to make several accounting entries which were particularly enumerated; (3) She failed to reconcile accounts when they were closed; (4) She made numerous errors in preparation of vouchers; and (5) She was unable to meet the deadline established for this work. Plaintiff's supervisor warned that unless her work improved within sixty days she would recommend to the Accounting Officer that she be removed from her position for "inefficiency".

On February 9, 1965 plaintiff received a letter from the Commanding General of the Depot notifying her of her removal from her position on March 13, 1965 because of unsatisfactory performance of assigned duties, as set forth in eighteen specifications of acts or omissions. She was accorded the opportunity to reply to these charges, with the right to an evidentiary hearing at which she could present such witnesses as she desired.

On February 11, 1965 plaintiff notified the Commanding General of her desire to answer orally to the charges against her. On February 15, 1965 she met with the Commanding General to make personal reply to such charges. On February 22, 1965 she made written request for a hearing on her proposed removal, which was granted by the Commanding General on February 23, 1965.

The hearing was first set for February 25, 1965. She was advised that she could be represented by any one person, with the right to call a reasonable number of witnesses, not exceeding five. On February 24, 1965 her counsel requested a two week postponement of the hearing, and in accordance therewith it was rescheduled for March 4th.

On March 2, 1965 the hearing was again postponed to March 10, the first date her attorney advised that he would be available to represent plaintiff at the hearing. She had previously engaged Paul N. Uricchio, Jr., Esquire, to represent her; however, he did not appear at the hearing on March 10. Marvin I. Oberman, Esquire, appeared in her behalf and represented her. Introduced in evidence were certain documents prepared by plaintiff, under the direction of her immediate supervisor, Mrs. Joy G. Meyer, who was present and testified at the hearing. The work standards for the job held by plaintiff were also admitted into evidence without objection from plaintiff.

The Hearing Advisory Committee, composed of a Marine Corps Officer and two Civil Service employees, in their report dated March 16, 1965, found that eight of the specifications against plaintiff had been proved, four had not been proved, and six had been uncontested. The Committee recommended that she be removed for inefficiency and unsatisfactory performance of assigned duties. It further recommended that (in view of plaintiff's own statement in the record that she was not sure that her health or emotional condition would permit her to perform satisfactorily the duties of a similar position) she not be placed in any other position at this Depot.

By letter dated March 18, 1965 the Commanding General, in reviewing the Committee's findings, held that six of the specifications were fully substantiated, that three were fully documented although the circumstances leading to discovery and correction of these errors were not established, that three of the specifications were not proven, and that the last six specifications were also established and were not contested by plaintiff. He advised that she would be removed from her position on March 21, 1965 and that there was no available position in which her services could reasonably be expected to be satisfactory. On March 21 she was notified of her separation effective as of that date.

On March 29 plaintiff filed notice of appeal to the Commandant of the Marine Corps. On May 13 the Commandant affirmed the action of the Commanding General in discharging plaintiff. On plaintiff's further appeal to the Regional

Appeals Examiner of the United States Civil Service Commission in Atlanta, Georgia, the decision of the Commandant of the Marine Corps was reversed on July 12, 1965. The Appeals Examiner held that the appeal came within the purview of Sub-part "B", Part 752 of the Civil Service Regulations, and that the procedural requirements commanded thereby, such as notice, etc., had been complied with. The Appeals Examiner found that plaintiff's contentions that her hearing was improperly held, and that her immediate supervisor was not present as a witness were not sustained by the record. Since the Commanding General and Commandant had determined that only twelve of the specifications had been proved or sustained, the Appeals Examiner did not consider the other six, namely specifications 1, 2, 4, 5, 7 and 8. As to such twelve specifications, the Appeals Examiner found that only four were sustained by the evidence, and that they were insufficient in view of plaintiff's prior record to constitute such cause for her discharge as would promote the efficiency of the service. The Appeals Examiner further found that a number of such specifications were unsubstantiated because of the lack of any supporting testimony by plaintiff's immediate supervisor.

On further appeal to the Board of Appeals and Review of the United States Civil Service Commission, the decision of the Appeals Examiner was reversed on January 14, 1966. This Board found that fourteen of the specifications had been substantiated by a preponderance of the evidence, and that plaintiff's removal was warranted for such cause as would promote the efficiency of the service. As to the lack of testimony of plaintiff's supervisor, the Board found that all of the delicts charged against plaintiff by the specifications were clearly within plaintiff's duties of employment, and that all information relevant to same was made available to plaintiff and her counsel before they were admitted into evidence. The Board determined that the alleged errors did in fact occur, and that

they were fully the responsibility of plaintiff.

## THE ISSUE OF SUBSTANTIAL COMPLIANCE

Since plaintiff's action in effect seeks reversal of an administrative decision made by an executive agency, the court must first look to its authority to review. It has long been recognized that in this type of case the action of an agency of the government in removing an employee from office because of inefficiency is beyond review by the courts, either by mandamus to reinstate him or by compelling payment of salary as though he had not been removed, unless there is some specific authority to the contrary. As early as the year 1900 the United States Supreme Court established the rule with regard to judicial review of the dismissal of a federal employee in Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774, when it stated:

"The appointment to an official position in the government, even if it be simply a clerical position, is not a mere ministerial act, but one involving the exercise of judgment. The appointing power must determine the fitness of the applicant: whether or not he is the proper one to discharge the duties of the position. Therefore it is one of those acts over which the courts have no general supervising power.

"In the absence of specific provision to the contrary, the power of removal from office is incident to the power of appointment. 'It cannot for a moment be admitted that it was the intention of the Constitution that those offices which are denominated inferior offices should be held during life. And if removable at pleasure, by whom is such removal to be made? In the absence of all constitutional provision or statutory regulation it would seem to be a sound and necessary rule to consider the power of removal as incident to the power of appointment.' Re Hennen, 13 Pet. 230, 259, 10 L.Ed. 138, 152; Parsons v. United States, 167 U.S. 324, 17 S.Ct. 880, 42 L.Ed. 185. Unless,

therefore, there be some specific provision to the contrary, the action of the Secretary of the Interior in removing the petitioner from office on account of inefficiency is beyond review in the courts either by mandamus to reinstate him or by compelling payment of salary as though he had not been removed."

See also the more recent case of Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959).

█ Cases from almost every Circuit support the well established rule that a judicial review of dismissal from federal employment, generally a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially complied with and to guard against arbitrary and capricious action. Upon such limited review the court is not permitted to substitute its judgment for that of the governmental agency even though it would have reached a different conclusion had it been called upon to make a factual determination. Seebach v. Cullen, 338 F.2d 663 (9th Cir. 1964); McTiernan v. Gronouski, 337 F.2d 31 (2nd Cir. 1964); Baum v. Zuckert, 342 F.2d 145 (6th Cir. 1965); Eustace v. Day, 114 U.S.App.D.C. 242, 314 F.2d 247 (1962); Brancadora v. Federal Nat'l Mtg. Ass'n, 344 F.2d 933 (9th Cir. 1965); Brown v. Macy, 340 F.2d 115 (5th Cir. 1965); Jenkins v. Macy, 357 F.2d 62 (8th Cir. 1966). In McEachern v. United States, 321 F.2d 31 (1963), the Fourth Circuit also recognized this long established principle. The Seventh Circuit, in Brown v. Zuckert, 349 F.2d 461 (1965), cert. den. 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486, dealing with the same question presented herein, stated:

"We first consider the scope of review which a court has in an employee removal such as this. 'Judicial review of a dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially

complied with.' Seebach v. Cullen, 9 Cir., 338 F.2d 663, 664.

"Another statement of the applicable rule as to the scope of review appears in the recent case of McTiernan v. Gronouski, 2 Cir., 337 F.2d 31, 34 (1964)—'The taking of disciplinary action against government employees, including the invocation of the sanction of dismissal, is a matter of executive discretion, and is subject to judicial supervision only to the extent required to insure "substantial compliance with the pertinent statutory procedures provided by Congress;" * * * and to guard against arbitrary or capricious action. * * *'

"In Seebach, supra, 338 F.2d at page 665, the Court emphasized ' * * * [W]e do not review findings of fact in cases such as this.' We agree! It follows that plaintiff's arguments directed to the unsubstantiality of the evidence is not the basis for judicial review.

* * * * *

"There is no statute requiring the production of witnesses at a hearing on a government employee's removal. The basic civil service statute, 5 U.S.C. 652(a) provides: 'No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay.'

"The Veterans' Preference Act, 5 U.S.C. § 863, makes no reference to any right of hearing or to the cross-examination of witnesses or to the production of witnesses. However, this Act does authorize the Civil Service Commission to promulgate regulations effectuating the right of appeal. By such regulations, veterans' preference eligibles are granted a right to present, examine and cross-examine witnesses if certain conditions are met."

In Baum v. Zuckert, supra, the Sixth Circuit stated:

"The function of a reviewing court in cases involving the discharge of civil service employees is a limited one.

Powell v. Brannan, 91 U.S.App.D.C. 16, 196 F.2d 871, 873. The judicial function is to determine whether there has been substantial compliance with applicable procedures and statutes, and not to review the administrative determination as to the wisdom or good judgment of the agency in exercising discretion."

In Seebach v. Cullen, supra, the Ninth Circuit enunciated the same principle when it said:

"Judicial review of dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required procedural steps have been substantially complied with. Keim v. United States, 177 U.S. 290, 20 S.Ct. 574, 44 L.Ed. 774 (1900); and see Hargett v. Summerfield, 100 U.S.App.D.C. 85, 243 F.2d 29 (1957), and cases there cited. Thus, the scope of our review is confined to questions of law, and a motion for summary judgment was an appropriate means of reaching and deciding the issues in the District Court."

In a determination of the issues presented herein the court's review of the administrative agency decision in removing plaintiff from her federal employment because of inefficiency is limited to a consideration of (1) what procedural steps are required for such action, and (2) whether they have been substantially complied with. The record must be further examined to determine whether the agency decision in discharging plaintiff was arbitrary or capricious. Should it be determined that all procedural requirements have been substantially complied with and that the agency action was not arbitrary or capricious, then plaintiff cannot prevail.

Title 5 U.S.C.A. § 652 sets forth certain procedural requirements adopted by the Congress which must be substantially complied with before a government employee such as plaintiff may be discharged from his employment. This section provides as follows:

"§ 652. Removal without pay from classified civil service—Only for cause; notice; copy of charges; time to answer; examination; record; persons exempt

"(a) No person in the classified civil service of the United States shall be removed or suspended without pay therefrom except for such cause as will promote the efficiency of such service and for reasons given in writing. Any person whose removal or suspension without pay is sought shall (1) have notice of the same and of any charges preferred against him; (2) be furnished with a copy of such charges; (3) be allowed a reasonable time for filing a written answer to such charges, with affidavits; and (4) be furnished at the earliest practicable date with a written decision on such answer. No examination of witnesses nor any trial or hearing shall be required except in the discretion of the officer or employee directing the removal or suspension without pay. Copies of the charges, the notice of hearing, the answer, the reasons for removal or suspension without pay, and the order of removal or suspension without pay shall be made a part of the records of the proper department or agency, as shall also the reasons for reduction in grade or compensation; and copies of the same shall be furnished, upon request, to the person affected and to the Civil Service Commission. This subsection shall apply to a person within the purview of section 863 of this title, only if he so elects."

Plaintiff as a "preference eligible" under the Veterans' Preference Act was also entitled to such rights as provided for in Title 5 U.S.C.A. § 863, which provides as follows:

"§ 863. *Discharge, suspension, etc., only for cause; reason in writing; advance notice; personal appearance; findings and recommendations*

"No permanent or indefinite preference eligible, who has completed a probationary or trial period employed in the civil service, or in any establishment, agency, bureau, administration, project, or department, hereinbefore

referred to shall be discharged, suspended for more than thirty days, furloughed without pay, reduced in rank or compensation, or debarred for future appointment except for such cause as will promote the efficiency of the service and for reasons given in writing, and the person whose discharge, suspension for more than thirty days, furlough without pay, or reduction in rank or compensation is sought shall have at least thirty days' advance written notice (except where there is reasonable cause to believe the employee to be guilty of a crime for which a sentence of imprisonment can be imposed), stating any and all reasons, specifically and in detail, for any such proposed action; such preference eligible shall be allowed a reasonable time for answering the same personally and in writing, and for furnishing affidavits in support of such answer, and shall have the right to appeal to the Civil Service Commission from an adverse decision of the administrative officer so acting, such appeal to be made in writing within a reasonable length of time after the date of receipt of notice of such adverse decision: Provided, That such preference eligible shall have the right to make a personal appearance, or an appearance through a designated representative, in accordance with such reasonable rules and regulations as may be issued by the Civil Service Commission; after investigation and consideration of the evidence submitted, the Civil Service Commission shall submit its findings and recommendations to the proper administrative officer and shall send copies of the same to the appellant or to his designated representative, and it shall be mandatory for such administrative officer to take such corrective action as the Commission finally recommends: Provided, Further, That the Civil Service Commission may declare any such preference eligible who may have been dismissed or furloughed without pay to be eligible for the provisions of section 864 of this title."

■ In addition to the procedural statutes adopted by Congress, a government agency may also adopt its own regulations implementing the foregoing statutory procedures, and it is well established that once an administrative agency elects to proceed against one of its employees, it is bound by and must comply substantially with the regulations it has promulgated to effect the dismissal or other disciplinary action against an employee, even though without having adopted such regulations the agency may discharge summarily the employee. Vitarelli v. Seaton, supra.

In oral argument and written brief plaintiff contends that she has been denied her rights of procedural due process and/or that she has been arbitrarily and capriciously discharged from her employment, although it is noted that plaintiff has failed to point out any dereliction of defendants in providing her fully with every protection required by the statutes hereinabove quoted and by the promulgated procedural regulations.

The procedural rights to which plaintiff was entitled are within the provisions of Sub-part "B"–752 of the Civil Service Commission Regulations, as well as all regulatory rights contained in Naval Civilian Personnel Instruction 750.[2] (Copies of both of these regulations are part of the record in this case.) The procedural regulatory requirements

---

2. Naval Personnel Instruction 750 § 5–5 provides as follows:

"The following standards and procedures shall be observed in conducting hearings:

\* \* \* \* \*

"(5) The Hearing Advisory Committee shall make every effort to elicit all of the facts bearing on the case whether those facts support the charges or support the employee's position; to confront the employee with the witnesses against him if that is the employee's desire; to assure the employee's full understanding of all phases of the matter; and to confine the discussion and testimony to issues directly related to the case."

governing the administrative agency's action against plaintiff are as follows:

1) That plaintiff be given a written proposal of adverse action setting forth reasons for the proposed action specifically and in detail.

2) That plaintiff be given the right to answer the charges.

3) That plaintiff be given at least a thirty day advance written notice and to be carried in a duty with pay status during such period.

4) That plaintiff be notified of adverse action.

The record herein clearly establishes that plaintiff was afforded fully each of such procedural rights.

Plaintiff contends that she was denied procedural due process because she was not granted the right to confront and cross-examine her immediate supervisor, Mrs. Meyer, the one person who was in a position to substantiate the charges against her. Although it is recognized that under the foregoing cited authorities plaintiff was not entitled as a matter of right to present witnesses of her own choice, she was entitled to cross-examine those who testified at her hearing. In fact the record discloses that plaintiff's supervisor was present at the hearing, was sworn and testified, and was cross-examined by plaintiff's counsel Mr. Oberman without any restriction.[3]

Another thrust of plaintiff's contentions is that the administrative decision was arbitrary and capricious because it lacked substantial evidence in the record to support the specifications against her and that the testimony did not establish any connection between her and the errors alleged in the various specifications. The record reflects that her job description setting forth her duties and responsibilities was incorporated therein. At the hearing before the Hearing Advisory Committee documents were presented substantiating that certain errors set forth in the various specifications had been in fact made and were within the responsibility of plaintiff. Also, there was evidence that errors had been made in certain documents which were known to have been prepared by plaintiff. Additionally, the record reflects that each of the documents presented in support of specifications 1 through 12 inclusive were examined by plaintiff's counsel in her presence and no issue was raised that they were not her work product. Also, the documents supporting specifications 13 through 18 inclusive were tendered to her counsel for examination prior to their being offered as exhibits, and he declined to inspect them.

The Committee as a fact finder in a hearing of this type is not bound by the strict rules of evidence. In Jenkins v. Macy, supra, the Eighth Circuit stated the rule of evidence in such hearings as follows:

" * * * It is obvious that the Civil Service Commission by its own rules was not required to strictly follow the rules of evidence and could pass on anything that was relevant to appellant's dismissal, including the letters of complaints from appellant's creditors. (5 CFR § 22.604 (1961 Rev.)). There is nothing to prevent the admission of such evidence. Brown v. Macy, supra, at page 117 of 340 F.2d."

A careful consideration of the record leads to the conclusion that plaintiff was afforded all of her procedural rights under applicable statutes and regulations, the findings against her were based upon substantial evidence, and the administrative agency action in discharg-

3. At page 38 of the Transcript of the hearing the following exchange is reported between plaintiff's attorney Mr. Oberman and Mr. Day, Chairman of the Hearing Advisory Committee:

"OBERMAN: Do I understand that she (Mrs. Meyer) can answer any questions as she has been called as a witness?

"DAY: She is available to you for any questions that you might have to ask her."

ing her for inefficiency was not capricious or arbitrary. The court recognizes the fact that by and large the specifications against plaintiff charged minor errors and seem hardly sufficient to warrant the discharge of an employee of several years standing. However, the court may not substitute its judgment for that of plaintiff's employer, or the United States Civil Service Commission, in the determination that plaintiff's discharge was "for such cause as will promote the efficiency of such service". Section 652 of Title 5 U.S.C.A., supra. It is, therefore,

Ordered that plaintiff's motion for summary judgment be denied, and that defendants' motion for summary judgment be granted. The Clerk will enter judgment accordingly.

And it is so ordered.