**Chester W. MASON**

v.

**U. S. ARMY CORPS OF ENGINEERS
et al.**

**Civ. No. 7108.**

United States District Court,
M. D. Tennessee,
Nashville Division.

Dec. 17, 1974.

Chester W. Mason, pro se.

Charles H. Anderson, U. S. Atty., Nashville, Tenn., for defendants.

## MEMORANDUM

MORTON, District Judge.

This civil action was filed by plaintiff Chester Mason on August 6, 1973, and seeks judicial review of an adverse decision on a grievance filed by plaintiff with his employer, the U. S. Army Corps of Engineers, a part of the Executive Branch of the Government of the United States. Plaintiff named as defendants in this civil action the U. S. Army Corps of Engineers and several employees of the Nashville District Office of the Corps of Engineers.

Plaintiff alleged in his complaint that defendants conspired to prevent him from obtaining a position of employment for which he was qualified, and that defendants conspired unsuccessfully to prevent him from being reinstated to employment. Plaintiff alleged that he had filed a formal grievance with the District Engineer, Nashville District, Corps of Engineers, and that after a negative decision was rendered, he appealed to the Chief of Engineers and again received a negative decision. He alleged that his employment was terminated while his grievance was being appealed.

Plaintiff further alleged that he had filed a two-part complaint with the United States Civil Service Commission, one part being his grievance and the other being his separation from employment. He alleged that the Civil Service Commission did not consider his grievance, but directed that he be reinstated to employment at a lower paying position. Plaintiff did not name the United States Civil Service Commission or the Commissioners of the Civil Service Commission as parties defendant in this civil action.

Plaintiff sought relief in the form of 1) reinstatement to his original GS-grade and salary, including all pay increases he would have received and compensation for the salary differences between his original grade and that at which he was reinstated; 2) reimbursement for all expenses incurred as a result of violations of Corps of Engineers regulations alleged in the grievance; 3) reimbursement for all expenses and costs incurred in this litigation; and 4) damages of $10,000.00.

On December 10, 1973, defendants filed a motion to dismiss, or in the alternative for summary judgment, and filed with the Court a certified copy of the record of plaintiff's grievance filed with the Corps of Engineers and a certified copy of the record of the plaintiff's appeal to the United States Civil Service Commission.

On December 19, 1973, the Court ordered plaintiff to respond to defendants' motion to dismiss, and plaintiff responded on January 4, 1974, filing copies of letters showing that he had been compensated for 30 days leave without pay taken during the appeal of his separation from employment.

On September 6, 1974, defendants renewed their motion for summary judgment filed December 10, 1973.

Plaintiff was first employed by the U. S. Army Corps of Engineers on September 30, 1963, in the position of realty specialist, grade GS–9, and was assigned to the J. Percy Priest Dam and Reservoir Project, a land acquisition project located in Davidson and Rutherford Counties, Tennessee. He worked out of the Corps of Engineers Nashville District Office.

In June, 1967, as acquisition of land for the project was completed, plaintiff was transferred to a new land acquisition project, the Cordell Hull Dam and Reservoir Project in Smith, Jackson and Clay Counties, Tennessee. The land acquisition office for the Cordell Hull Project was located in Gainesboro, Tennessee. After being transferred, plaintiff continued to live in Nashville and commuted daily to Gainesboro, located approximately 85 miles from Nashville.

In August 1969, a grade GS–9 realty specialist in the Management and Disposal Branch of the Real Estate Division in the Corps of Engineers Nashville District Office was transferred to another office. Plaintiff inquired about being transferred from his position in the Land Acquisition Branch of the Real Estate Division to the vacated position.

On July 1, 1970, a new position was established in the Management and Disposal Branch to assume some of the duties which had been carried out by the realty specialist whose position was vacated in August 1969. The new position was called realty assistant, to be filled at the GS–7 grade. A vacancy announcement under the District Office Promotion and Placement Plan was issued on July 1, 1970, and plaintiff applied for the position. He and one other applicant were rated "highly qualified" and both names were referred to the supervisor for selection. The other applicant was selected for the position on July 22, 1970.

On October 9, 1970, plaintiff filed a formal grievance with the District Engineer, alleging 1) that his inquiries about the vacancy were not handled in an open and above-board manner; 2) that there was an appearance of pre-selection; and 3) that apparently the basic qualifications set out in the vacancy announcement were not followed. He sought relief in the form of 1) assignment to the vacant position at his present grade GS–9; 2) reimbursement for travel to and from Gainesboro from the time the vacancy first occurred until such time as he would be assigned to the Nashville Office; and 3) reimbursement for attorney fees incurred in connection with the grievance.

A hearing was held on plaintiff's grievance on December 1, 1970. Plaintiff was present and represented by counsel. Also present were certain Real Estate Division personnel whose presence was requested by plaintiff. In addition, an employee of the Personnel Office was present.

Following the hearing the Grievance Hearing Examiner submitted a summary memorandum report, finding that there was substantial compliance with the District Office Promotion and Placement Plan and that there were no procedural errors in administering the plan. On the specific allegations of plaintiff's grievance, the hearing examiner found that the facts did not bear out plaintiff's allegation that inquiries were not openly handled, in that there had been no announced vacancy, and plaintiff was a self-announced applicant for an unannounced position. The hearing examiner further found that there was no evidence of pre-selection of the other applicant, and that there was no deviation from the basic qualification for the vacant position in the selection of the other applicant. The hearing examiner noted that plaintiff had agreed that the other applicant was qualified for the position.

On December 27, 1970, the District Engineer advised plaintiff that his

grievance had been denied. He further advised plaintiff that he had the right to request review of that decision.

On January 8, 1971, plaintiff requested review of the decision of the District Engineer, alleging errors in the factual findings of the Grievance Hearing Examiner, and again requesting the relief sought in the original grievance.

On January 14, 1971, plaintiff was advised that his position with the Corps of Engineers would be terminated as of March 19, 1971, due to a reduction in force.

On February 25, 1971, plaintiff was advised that on review of his grievance by the Chief of Engineers, the action of the District Engineer was sustained.

On April 1, 1971, plaintiff appealed the denial of his grievance and his separation from employment due to reduction in force to the United States Civil Service Commission. Plaintiff was advised that review of the grievance was not within the jurisdiction of the Civil Service Commission.

■ On June 1, 1971, the Civil Service Commission decided the appeal of the separation from employment in favor of plaintiff and directed that plaintiff be reinstated at a grade GS–7. Plaintiff was reinstated and paid retroactively from the date of separation at a grade GS–7. Further discussion will not be given the action of the Civil Service Commission, since it and/or the Commissioners are not parties defendant in this action. The Court has no jurisdiction to review the actions of persons not before it.

■ This Court's jurisdiction to review agency action is set forth at Title 5, United States Code, Section 706. In this case plaintiff has neither alleged nor shown that the actions of the Corps of Engineers in filling the vacant position were arbitrary or capricious, an abuse of discretion, contrary to a statute, contrary to a lawful procedure, unsupported by substantial evidence, or otherwise not in accordance with law.

In the absence of such allegations and proof, plaintiff's case must fail. See Albert v. United States, 437 F.2d 976, 194 Ct.Cl. 95 (1971); Bielec v. United States, 456 F.2d 690, 197 Ct.Cl. 550 (1972).

■ Furthermore, this Court has no jurisdiction under Title 5, United States Code, Section 706, to hear the issues complained of *de novo*. Ramapo Bank v. Camp, 425 F.2d 333 (3rd Cir. 1970), cert. denied, 400 U.S. 828, 91 S.Ct. 57, 27 L.Ed.2d 58. See also Fass v. Ruegg, 379 F.2d 216 (6th Cir. 1967); Baum v. Zuckert, 342 F.2d 145 (6th Cir. 1965).

The incidents of which plaintiff complains are all connected with the Corps of Engineers handling of the filling of a vacant position, ostensibly created in August 1969. All issues were raised in plaintiff's grievance. Plaintiff essentially complains now, not of the procedures which were followed, but of the resolution of factual disputes.

■ Plaintiff described in his formal grievance the inferences which he would attach to various acts of employees of the Corps of Engineers. The Grievance Hearing Examiner heard both plaintiff's proof and the agency's proof and resolved the factual disputes adverse to plaintiff. This Court cannot undertake to review findings of fact in cases of this nature. Seebach v. Cullen, 338 F.2d 663 (9th Cir. 1964).

■ Furthermore, the matters of which plaintiff complains are essentially a part of the internal organization of a Government agency. Absent a showing that established procedures have not been complied with, courts will not question the discretion of agency officials in establishment of positions of employment. See Bielec v. United States, *supra* at 695. In this case, there is no proof that the agency did not comply with its own procedures in filling the vacant position which was announced on July 1, 1970.

For these reasons the Court concludes that it has no jurisdiction to examine *de*

*novo* the factual findings of the agency in plaintiff's grievance proceeding and that there was no violation of procedures by the Corps of Engineers in the filling of the vacant position. Accordingly plaintiff's complaint must be dismissed.

An appropriate order will issue.