Faye COHEN

v.

S. P. RYDER, Regional Director Third United States Civil Service Region, John W. Macy, Jr., Chairman United States Civil Service Commission, L. P. Andolek, Vice-Chairman United States Civil Service Commission, Robert E. Hampton, Commissioner United States Civil Service Commission, and the United States of America.

Civ. A. No. 39111.

United States District Court
E. D. Pennsylvania.

Aug. 1, 1966.

Bernard C. Bryman, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., by James C. Lightfoot, Asst. U. S. Atty., for defendants.

## OPINION

LUONGO, District Judge.

Plaintiff, a nonveteran, was removed in 1964 from her position as a career clerk-typist with the Continental Air Command (Agency) at Willow Grove, Pennsylvania. The Civil Service Commission sustained the removal. Plaintiff has brought suit in this court seeking reinstatement and full back pay. Defendants[1] and the plaintiff have moved for summary judgment. Defendants' motion will be granted; plaintiff's will be denied.

The pertinent history is this:

By letter dated May 19, 1964, plaintiff was charged with failure to satisfactorily carry out duties assigned to her by her superiors at the Agency and was given notice of her proposed removal. The specific charges, spelled out in minute detail, were generally (1) the improper use of a ditto machine; (2) unsatisfactory performance of presenting typewritten material in final form to superiors; (3) unsatisfactory performance of duty in filing and maintaining technical orders; and (4) less than adequate performance as a key punch operator. The key punch charge was the only one ultimately sustained by the Civil Service Commission, the others were held to be not supported by the evidence. Plaintiff was given an opportunity to reply to the charges and did so in a letter dated May 25, 1964. On June 3, she was informed that the charges against her were sustained. She appealed to the Civil Service Commission and on September 10, 1964, a hearing was held before a Regional Appeals Officer. Plaintiff was represented by counsel. Although advised by letter that she was entitled to present witnesses in her behalf, she did not do so, the only testimony presented by plaintiff to refute the charges against her

was her own. The Agency relied on the record it had already compiled and offered no oral testimony.

On October 14, 1964, the Regional Appeals Officer, in a written opinion, advised plaintiff that the evidence before him sustained a finding that her work as a key punch operator was not satisfactory and therefore he could recommend no change in the Agency's decision to remove her. As already noted, charges unrelated to plaintiff's work as a key punch operator were dismissed. Plaintiff thereafter appealed to the Commission's Board of Appeals and Review in Washington which, on July 2, 1965, affirmed the decision of the Philadelphia Region. There are no other administrative remedies available to plaintiff. See 5 C.F.R. § 772.307(c).

■■ The scope of judicial review in an employee removal case is extremely narrow. "Judicial review of dismissal from federal employment, a matter of executive agency discretion, is limited to a determination of whether the required *procedural* steps have been substantially complied with." Seebach v. Cullen, 338 F.2d 663, 664 (9th Cir. 1964), cert. denied, 380 U.S. 972, 85 S.Ct. 1331, 14 L.Ed.2d 268 (1965) (Emphasis supplied.); Brown v. Zuckert, 349 F.2d 461 (7th Cir. 1965), cert. denied, 382 U.S. 998, 86 S.Ct. 588, 15 L.Ed.2d 486 (1966); Hargett v. Summerfield, 100 U.S.App. D.C. 85, 243 F.2d 29 (1957), cert. denied, 353 U.S. 970, 77 S.Ct. 1060, 1 L.Ed.2d 1137 (1957). Thus the suggestion in plaintiff's brief that the findings of the Civil Service Commission might not have been based upon substantial evidence cannot be considered here. Brown v. Zuckert, supra.

■■ As for violation of procedural rights, the essence of plaintiff's claim is that, since the Agency produced no witnesses before the Civil Service Commission she did not have an opportunity to cross-examine any of its personnel re-

---

1. Defendants are the individual members of the Civil Service Commission, the Regional Director for the Third Region, and the United States of America.

garding the circumstances of her dismissal and she was, therefore, denied procedural due process. There is no requirement, in a government employee removal hearing, to present the evidence against the employee through the testimony of live witnesses. Brown v. Zuckert, supra. See Brown v. Macy, 340 F.2d 115 (5th Cir. 1965). While there is no requirement to present the case in that fashion, full opportunity is afforded to both sides to produce witnesses if they so desire. Civil Service Regulations clearly spell out that privilege and make it clear also that the Commission has no power to subpoena witnesses and the parties are, therefore, required to make their own arrangements for such attendance. 5 C. F. R. § 772.305(c). There is nothing unfair in such a procedure.

■ It was plaintiff's burden in this case to arrange for the attendance of any witnesses she wished to have testify. Brown v. Zuckert, supra; McTiernan v. Gronouski, 337 F.2d 31 (2d Cir. 1964). Had plaintiff specifically requested that certain witnesses be produced, the Agency, under certain circumstances, would have been required to comply, Williams v. Zuckert, 372 U.S. 765, 83 S. Ct. 1102, 10 L.Ed.2d 136 (1963), but admittedly plaintiff made no such request.[2] She contends that she failed to do so because she was lulled into a false sense of security in that the Agency, in a letter to the Civil Service Commission outlining its "Rationale for Removal," indicated that it planned to offer the testimony of one Peggy Gillon concerning certain facts relative to plaintiff's dismissal.

■ Even assuming plaintiff was entitled to rely on it, the Agency's assertion that it would produce *Miss Gillon* could certainly not excuse plaintiff's failure to

arrange for the attendance of any other witnesses she desired to have appear and testify. See Brown v. Zuckert, supra; McTiernan v. Gronouski, supra. As for Miss Gillon's absence from the hearing, there is nothing in this record to indicate any attempt on plaintiff's part to have her testify. There was, for example, no request for postponement of the hearing to afford plaintiff an opportunity to arrange for Miss Gillon's attendance when plaintiff became aware that the Agency had not produced her. Nor was there anything in the record to indicate that the Regional Appeals Officer would not have afforded plaintiff the opportunity to produce Miss Gillon, if such a request had been made.

■ Apart from that, while the alleged representation by the Agency that it would produce Miss Gillon might have been harmful under other circumstances, in this case it was of little moment since the record clearly reveals that Miss Gillon could have shed no light on the only ground for removal which was sustained, i. e. unsatisfactory performance as a key punch operator. The "Rationale for Removal" letter mentioned Miss Gillon's name only with respect to two matters, one having to do with whether a Captain Rishel had complimented or criticized the plaintiff on her work performance and the other having to do with whether Miss Gillon had notified the plaintiff that she need not file and maintain technical orders. Neither of these had any bearing upon the key punch charge. Indeed, plaintiff's own testimony established that Miss Gillon had nothing to do with plaintiff's training or performance as a key punch operator.[3] Under these circumstances, the failure to have Miss Gillon present at the hearing violates no fundamental concepts of fairness.

**2.** At the hearing before the Civil Service Commission on September 10, 1964, plaintiff's attorney noted for the record how "unfortunate" it was that no Agency personnel were present. But even at that advanced stage of the proceedings, he did not request production of any witness or witnesses. Thus it is not necessary for me to consider whether a request for production at that time would have been timely. See Williams v. Zuckert, supra; Begendorf v. United States, 340 F.2d 362, 169 Ct.Cl. 293 (1965).

**3.** See transcript of hearing before the Regional Appeals Officer, pp. 56–58.

Plaintiff has also contended that she was denied due process in that the Regional Appeals Officer absented himself from the hearing room at some point during the hearing of September 10, 1964. This contention was not raised before the Civil Service Commission and its assertion now is untimely. Hennesey v. SEC, 285 F.2d 511 (3d Cir. 1961). Untimeliness aside, it appears quite clearly from the whole record, including the unrebutted affidavit of the Regional Appeals Officer that he was present throughout the hearing, that the contention is devoid of merit.

Defendants' motion for summary judgment will be granted. Plaintiff's motion for summary judgment will be denied.