David G. DeLONG, Appellant,

v.

Robert E. HAMPTON, Commissioner, U.
S. Civil Service Commission, John W.
Macey, Jr., Chairman, Office of Com-
missioners, U. S. Civil Service Commis-
sion, Stewart L. Udall, Secretary of the
Interior, and United States of America.

No. 17785.

United States Court of Appeals
Third Circuit.

Argued Oct. 2, 1969.

Decided Jan. 20, 1970.

As Amended and Rehearing Denied
Feb. 18, 1970.

Gerald A. Gleeson, Jr., Montgomery, McCracken, Walker, & Rhoads, Philadelphia, Pa., (Frank S. Deming, Sheldon S. Toll, Philadelphia, Pa., on the brief), for appellant.

Robert V. Zener, Dept. of Justice—Civil Division, Washington, D. C. (William D. Ruckelshaus, Asst. Atty. Gen., Louis C. Bechtle, U. S. Atty., J. F. Bishop, Attys., Dept. of Justice, Washington, D. C., on the brief), for appellees.

Before STALEY, SEITZ and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

This is an appeal from an order of the district court granting defendants' motion for summary judgment in an action seeking review of a determination by the United States Civil Service Commission that plaintiff was properly dismissed from federal employment.

At the time of his removal on September 2, 1966, plaintiff was an employee of the Department of the Interior, Bureau of Outdoor Recreation, Philadelphia Region, occupying the position of Staff Assistant to the Regional Director. The Director of the Bureau of Outdoor Recreation asserted six grounds for plaintiff's dismissal: (1) submitting a false claim for travel expenses; (2) careless and inefficient actions in handling and accounting for streetcar tokens; (3) falsifying an application for employment to show he had completed all the course work for a Ph.D.; (4) submitting altered correspondence from Rutgers University to show that he had a law degree; (5) submitting altered correspondence relating to his ability to secure another position at a higher salary; and (6) making scurrilous, abusive and threatening remarks in writing against his supervisor and co-employees.

Plaintiff did not exercise his right to appeal his dismissal under the agency appellate system but on August 19, 1966, appealed directly to the Civil Service Commission's Philadelphia Region. Pursuant to the regulations, the Region began investigating the appeal by requesting each party to submit documen-

tary evidence, and by making that evidence available for comment by the other party. 5 C.F.R. §§ 772.304, 772.-306(a). On November 3, 1966, the Philadelphia Region notified plaintiff that a hearing would be held and that he would "be afforded an opportunity to introduce any additional or new evidence pertinent to the questions involved" and that "the parties must make their own arrangements for witnesses." A hearing was held at the Philadelphia Region on November 30, 1966, at which time plaintiff was represented by counsel and testified in his own behalf. The employing agency was represented by counsel and presented the testimony of four witnesses who were employees of the Bureau of Outdoor Recreation. A former Regional Director of the Bureau, a Mr. Sullivan (who had been plaintiff's immediate superior), was sworn but did not testify.

The Philadelphia Region on May 4, 1967, sustained the agency's action. It noted that the evidence against plaintiff established "a pattern of deliberate, unprincipled acts over a period of years, cumulatively demonstrating a lack of integrity requisite to retention in the service." It further concluded that plaintiff's dismissal was "for such cause as will promote the efficiency of the service, within the meaning of the language in [5 C.F.R. § 752.104(a)]," the relevant standard.

Plaintiff appealed to the Board of Appeals and Review of the Civil Service Commission, which on August 4, 1967, sustained the action of the Philadelphia Region.

On December 12, 1967, plaintiff filed the instant action in the district court seeking injunctive and declaratory relief. The court granted defendants' motion for summary judgment and this appeal followed.[1]

Plaintiff makes five attacks on the district court's grant of summary judgment: (1) the district court erred when it held that it was irrelevant whether the charges brought against plaintiff were made maliciously or in bad faith so long as there was legal cause to justify the discharge; (2) plaintiff was denied a fair hearing at the Philadelphia Region because a witness called by the agency did not testify; (3) plaintiff was denied a fair hearing because he could not subpoena witnesses; (4) plaintiff was denied due process because no hearing was held on the issue whether his discharge was due to political discrimination; (5) plaintiff was denied due process because the Civil Service Commission considered "secret evidence" in deciding the political discrimination issue.

### I

Relying primarily on Knotts v. United States, 121 F.Supp. 630, 128 Ct.Cl. 489 (1954), plaintiff asserts that his discharge was motivated by malice and thus not "for such cause as will promote the efficiency of the service" as required by 5 C.F.R. § 752.104(a). The district court stated that its analysis of the evidence compelled the conclusion that plaintiff's dismissal was not arbitrary and capricious. It further stated that in light of substantial offenses committed by plaintiff the motive of plaintiff's superiors was irrelevant.

At the outset, it should be noted that our decision in Charlton v. United States, 412 F.2d 390 (3d Cir. 1969), holding that the Administrative Procedure Act requires the district court in these cases to decide if the Commission's findings on the merits of the dismissal are supported by substantial evidence, was handed down after the decision of the district court here. Plaintiff has not requested that we remand the case to the district court for a wider scope of review. In any case, we have reviewed the entire record and are convinced that there is substantial evidence to support the findings of the Commission.

With this in mind, we turn to an evaluation of plaintiff's assertion that his discharge was illegal because motivated

---

1. The opinion of the district court is presently unreported.

by malice. In essence, this argument attacks the Civil Service Commission's finding that plaintiff's discharge was for such cause as will promote the efficiency of the service. This finding we have pointed out is compelled by the record and clearly supported by substantial evidence. Plaintiff's reliance on Knotts v. United States, supra, is unwarranted. In that case the court concluded that most of the charges brought against the employee were trivial and that the real reason for the discharge was the employee's supervisor's wish to get rid of her to give the job to a friend. Under those circumstances the court concluded that the employee was not discharged for the good of the service.

■■ Here, in light of the very substantial offenses committed by plaintiff, the district court concluded—and we are in full agreement—that the Commission was correct in finding that plaintiff's discharge was for the good of the service.[2] Under these circumstances the district court's apparent belief that malice on the part of plaintiff's superiors would be irrelevant does not require reversal.

## II

Plaintiff contends that the agency's action in requesting his former superior, Mr. Sullivan, to appear at the hearing at the Philadelphia Region, administering him the oath,[3] and then unilaterally permitting him to leave without notice to plaintiff's counsel or the hearing officer constituted a "fatal procedural defect." Specifically, he asserts that this action denied him the "opportunity to introduce evidence * * * and to cross-examine witnesses" as required by 5 C.F.R. § 772.305(c) (4).

■ We agree with the district court that there was no procedural error here. It was plaintiff's burden to arrange for the attendance of any witnesses he wished to testify. See Cohen v. Ryder, 258 F.Supp. 693 (E.D.Pa. 1966), aff'd on opinion below, 373 F.2d 530 (3d Cir. 1967). At no time prior to or during the hearing did plaintiff indicate he desired Sullivan to be put on the stand in aid of his case. At the close of the hearing, when plaintiff's counsel was informed that Sullivan had left and would not be called he simply noted for the record that Sullivan had been present but did not testify. He did not request a continuance of the hearing to afford him a chance to arrange for Sullivan's attendance. See Cohen v. Ryder, supra. Plaintiff was not denied the opportunity to introduce evidence or to cross-examine witnesses.

## III

■ Plaintiff next contends that 5 C.F.R. § 722.305(c) (1), which specifically denies the Civil Service Commission the authority to subpoena witnesses in connection with a hearing in these cases, is ultra vires and violates due process. The short answer to this claim is that this circuit has already approved this regulation. Cohen v. Ryder, supra.

Under the regulations each party must make his own arrangements for the attendance of witnesses. But had plaintiff requested the agency to produce its employees as witnesses, it would have to comply under certain circumstances. 5 C.F.R. § 772.305(c) (2). "There is nothing unfair in such a procedure."

---

2. Piecing together several provisions of the Federal Personnel Manual, plaintiff argues that the consent of the Bureau of Outdoor Recreation to the conversion of his civil service status from career-conditional to career-tenure on October 1, 1965, bars it from use as a basis for discharge of all facts known to it at the time of conversion; i. e., most of the facts comprising the charges against plaintiff. Even if we assume the validity of this doubtful legal proposition, it is clear that plaintiff did not raise this defense in any of the administrative proceedings and we will not permit him to raise it for the first time in the federal courts.

3. All of the prospective witnesses were sworn at the beginning of the hearing and were then told to wait outside the hearing room.

Cohen v. Ryder, supra. No case has been cited holding that this lack of subpoena power denies due process, and we have found none.

## IV

Plaintiff next asserts he was denied due process because no hearing was ever held on the issue of political discrimination. More facts are necessary for an evaluation of this claim.

On August 23 and 26, 1966, plaintiff submitted affidavits to the Philadelphia Region asserting his discharge was due to political discrimination, and the agency submitted a counter affidavit on September 15, 1966. Under the regulations action taken against an employee such as plaintiff for political reasons cannot be considered such cause as will promote the efficiency of the service. 5 C.F.R. § 752.104(b). Plaintiff in his brief states that "After submission of these affidavits the administrative adjudicatory proceedings began, and plaintiff has never been granted a subsequent opportunity to present evidence on this issue, despite his many attempts to do so."

Plaintiff did not attempt to introduce any evidence on the issue of political discrimination at the Philadelphia Region hearing on November 30, 1966, and the record contains no ruling of the hearing examiner excluding such evidence. The next item in the record regarding this issue is a decision of the United States Civil Service Commission, which in a short opinion dated April 11, 1967, noted that "the Commission, upon full consideration of all matters of record," found that the evidence failed to support plaintiff's contentions of political discrimination. The opinion further notes that "Upon making this finding the Commission returned the file to

our Philadelphia Regional Office for a decision on the basis of merit."

The decision of the Philadelphia Region was handed down on May 4, 1967. With regard to the political discrimination issue, it noted the following:

"Such an issue when raised in this type of appeal is given precedence in adjudication, and under the terms of its delegation of authority, the Civil Service Commission reserves to itself the authority to decide the issue. This office is now advised that the Commissioners have reviewed Mr. DeLong's allegations of political discrimination, and of all the information concerning those allegations resulting from our investigation of his appeal; and that, on the basis of that review of the record, the Commission has concluded that the evidence fails to support Mr. DeLong's allegation of political discrimination."

 The Government asserts that the proper time for plaintiff to submit evidence on the issue of political discrimination was at the hearing at the Philadelphia Region. We agree. Had plaintiff at the hearing put evidence into the record on this issue it would have been forwarded to the Commission with the rest of the record sent to it. Since plaintiff never made a proffer of evidence regarding political discrimination which the hearing examiner rejected, he cannot now argue that "a hearing was not held" on the issue.[4]

Although no regulation authorizing the Commissioners to decide the political discrimination issue in these cases has been called to our attention, and we have found none,[5] plaintiff does not assert that he was prejudiced by the Commission's taking this issue from its hearing

---

4. Plaintiff now suggests that, although nothing on this point appears in the administrative record, the hearing examiner in fact informed him at a prehearing conference that such evidence would not be accepted. No record basis for this contention was developed below and we will not consider it for the first time on appeal.

5. The district court pointed to 5 C.F.R. § 752.304(b) (2) as authorization for this procedure. However, that regulation by its terms applies only to review of suspensions of 30 days or less.

examiners and drawing its own conclusions from the record. Rather, he asserts that he got no chance to make a record. As we have said, the proper place for plaintiff to make his record on this issue was before the hearing examiner.

### V

Plaintiff's final contention is that he was denied due process because the Commission considered "secret evidence" in deciding the political discrimination issue. Plaintiff asserts that he suspects that the Commission considered secret evidence because of the language in the Philadelphia Region's opinion quoted above, particularly the reference to the Philadelphia Region's "investigation of his appeal." From this, plaintiff concludes that a "secret report" was considered.

The Government points out that the administrative record on file with this court contains an official certification that the volumes filed "constitute the complete record reviewed by the Civil Service Commission in considering the removal appeal of David G. DeLong." The Commission's opinion on the political discrimination issue states that it took its action "upon full consideration of all matters of record." The opinion of the Board of Appeals and Review states that the Commissioners' action was taken "on the basis of the review of the record."

The Government suggests that in using the phrase "our investigation of his appeal," the Philadelphia Region was using the term to refer to the investigation conducted prior to the hearing which complied with the requirements of procedural fairness by making the evidence procured part of the record, available for inspection and rebuttal by the employee. See 5 C.F.R. §§ 772.304, 772.-306(a). We think the Government's explanation is correct. Plaintiff's complete speculation, based on the use of the word "investigation" in the Region's opinion, does not create an issue of fact that will survive a motion for summary judgment.

The judgment of the district court will be affirmed.