**Eula CORDY**

v.

**Rear Admiral John C. SHEPHARD, Commander, Defense Personnel Support Center et al.**

**Civ. A. No. 76–345.**

United States District Court, E. D. Pennsylvania.

Dec. 18, 1979.

Earl W. Trent, Jr., Philadelphia, Pa., for plaintiff.

Richard J. Stout, Asst. U. S. Atty., Philadelphia, Pa., for defendants.

OPINION

LUONGO, District Judge.

Plaintiff Eula Cordy was a file clerk at the Defense Personnel Support Center (DPSC) in Philadelphia, who was dismissed from service on May 2, 1975. Cordy appealed her dismissal to the Federal Employee Appeals Authority (FEAA). She also complained to the Equal Employment Opportunity Officer at her installation that she was

the victim of racial discrimination, and these claims were consolidated with the appeal of her dismissal. On January 5, 1976, the FEAA upheld the decision to discharge her from service, and also concluded that there was insufficient evidence to support a charge of racial discrimination. On February 6, 1976, Cordy filed suit in this court, alleging that the FEAA ruling was unlawful, and that she was terminated because of her race in violation of 42 U.S.C. § 2000e *et seq.* The defendants, officials of the DPSC and the Civil Service Commission, move for summary judgment under Rule 56, F.R. Civ.P. The record consists of the official record of FEAA proceedings and various government records supplied by the defendants.

### FEAA Decision

■ The standard for reviewing a federal agency's dismissal of an employee is set forth in *Charlton v. United States*, 412 F.2d 390, 395 (3d Cir. 1969):

.  .  . the scope of judicial review of a federal agency's action with respect to the dismissal or discipline of a civil service employee extends to the determination whether procedural requirements have been satisfied in the administrative proceedings, and whether the administrative record establishes that substantial evidence supports the agency's action and that it was not arbitrary, capricious or an abuse of discretion.

*Accord, DeLong v. Hampton*, 422 F.2d 21 (3d. Cir. 1970).

Cordy does not contend that there were procedural irregularities in the FEAA proceedings surrounding her dismissal, and the record is clear that there were not: Cordy was given notice of the proposed dismissal; an opportunity to review agency files relating to her case; a written statement of the agency's position; and a hearing before the FEAA at which she was represented by counsel and presented witnesses. Cordy contends, however, that the FEAA decision was arbitrary and capricious because it is not supported by sufficient evidence.

Two charges lodged against Cordy by her superiors formed the basis for her dismissal by DPSC: a charge of insubordination, and a charge that she made false and malicious statements about one of her supervisors. According to DPSC management guidelines, dismissal is an appropriate sanction for a first-time offense on either charge.

After considering evidence presented by both parties, the FEAA concluded that the charges were supported by a "preponderance of the evidence," and upheld the dismissal. Having reviewed the record of proceedings before the FEAA, I conclude that there was substantial evidence to support this decision.

Three witnesses, two of them black females (as is plaintiff), testified that plaintiff refused to perform routine filing tasks when directed to do so, and rudely threw the papers to be filed on a counter in front of her supervisor. Two other witnesses testified that Cordy also threw documents onto the desk of another supervisor, and refused when asked to take them back and file them. Thus, the charge of insubordination was supported by the testimony of five witnesses.

Cordy was also charged with falsely accusing her supervisor of throwing files at her which struck and injured her eye. Two witnesses testified that they heard plaintiff make this accusation. Cordy's defense at the FEAA hearing was that her accusation was justified because the supervisor had in fact struck her with the files. In contradiction to this testimony, the supervisor and another eyewitness testified that no files were thrown at plaintiff. Moreover, plaintiff saw both the infirmary doctor at DPSC and her family doctor shortly after the alleged assault, but did not complain of any eye injury.

Also before the FEAA were plaintiff's official employment record, which indicated two previous charges of insubordination for which plaintiff was suspended, and statements by co-workers that Cordy performed poorly and disrupted the work of the section because of her resistance to supervision.

In short, ample evidence supported the FEAA decision that dismissal was warranted, and therefore judgment will be entered in defendants' favor with respect to Count I of the complaint.

### Title VII Claim

 Count II of Cordy's complaint alleges that she was fired because of her race. As noted above, Cordy's allegations of racial discrimination were also considered by the FEAA, which concluded that there was insufficient evidence of racial discrimination. With respect to this claim, Cordy is not limited to a review of the FEAA proceedings, but is entitled to a trial *de novo* on all issues. *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). *See also Sperling v. United States*, 515 F.2d 465 (3d Cir. 1975), *cert. denied*, 426 U.S. 919, 96 S.Ct. 2623, 49 L.Ed.2d 372 (1976).

Cordy submitted six allegations of racial discrimination to the FEAA: that she was struck in the eye by her supervisor; that she was deliberately being harassed by management; that management deliberately aborted a meeting with the Equal Employment Opportunity Officer in order to cover up its harassment; that management delayed its plans to fire her when it learned she had filed a discrimination complaint; and that a supervisor refused to provide her with information necessary for her to perform her job. Although Cordy's complaint is limited to an allegation that she was dismissed because of racial prejudice, her Memorandum in Opposition to this motion makes clear that she intends to raise these incidents as proof of a pattern of discrimination culminating in her dismissal.

In moving for summary judgment, defendants rely solely upon the record of proceedings before the FEAA; they have submitted no further affidavits or exhibits. In response, plaintiff contends that the administrative record is incomplete in that she was restricted from presenting certain witnesses, and she also "disputes all the facts set forth" by the defendants from the administrative record.

The administrative record, though not conclusive, may be considered in determining whether a genuine issue of fact for trial exists. *Sperling, supra*, 515 F.2d at 484. However, the record of the FEAA proceedings here does not indicate that no issue of fact exists, but rather, as plaintiff contends, it indicates just the opposite. Plaintiff, testifying under oath, disputed the testimony of defendants' witnesses on numerous material issues, and when pressed on cross-examination, adamantly persisted in her version of the facts. In effect, what the defendants suggest in their motion is that I should accept the FEAA's findings of fact, and ignore or discredit plaintiff's testimony. However, this would plainly require me to resolve factual issues against Cordy, which, on a motion for summary judgment, is improper. If defendants believe that the administrative record effectively disproves plaintiff's charges, they may introduce it as evidence at trial. *Sperling, supra*, 515 F.2d at 484.

Defendants' Motion for Summary Judgment on Count II of the complaint will be denied.