**Deborah SELZER, Plaintiff–Appellant,**

v.

**LUMEN ENERGY CORPORATION, Defendant–Appellee.**

No. 00–2056.

United States Court of Appeals,
Seventh Circuit.

Submitted March 12, 2001.*

Decided March 12, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a).

**532**

Before BAUER, KANNE, and ROVNER, Circuit Judges.

### ORDER

Deborah Selzer filed this suit under the Sherman Antitrust Act, 15 U.S.C. §§ 1–7, the Racketeer Influenced and Corrupt Organizations Act or "RICO" Act, 18 U.S.C. § 1961 et seq., and Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 1981 et seq., alleging primarily that the parent company of her former employer, Lumen Energy Corporation ("Lumen"), controls an interstate conspiracy against her. She also brought common law tort claims of fraud, conversion, defamation, · interference, and emotional distress against Lumen. The district court granted summary judgment for Lumen, and Selzer now appeals. We affirm.

From 1989 to April 1994, Selzer worked as a marketing representative for Energy Dynamics, Inc. ("EDI"), a company that specializes in the selling of natural gas. In December 1992 Lumen purchased EDI's stock from Post Rock Corporation ("Post Rock"), a company owned by Theodore Bean. At that same time, Lumen and Post Rock entered into an "Assets Purchase Agreement" in which Lumen agreed to purchase computers, office equipment, furniture, and Post Rock's interest in a commercial lease. Although Lumen had purchased EDI, Bean continued to manage EDI until 1996.

Meanwhile in 1993, Selzer had purchased a company car from Post Rock and executed a promissory note with Post Rock to borrow the purchase price of the car. Selzer eventually defaulted on the promissory note, and, in 1995, Bean retained a lawyer named Christopher Bischoff and sued Selzer in Illinois court over the defaulted note. In 1996, Post Rock obtained a judgment on the note against Selzer totaling $27,000. Lumen had no interest in the promissory note to Selzer, and did not acquire an interest in the company car as a result of the Asset Purchase Agreement.

Since the judgment was obtained against Selzer, Bischoff's efforts to collect the $27,000 have resulted in multiple lawsuits between Bischoff and Selzer. In these suits, Selzer has claimed that Bischoff, her former attorneys, and her former compan-

ion Linda Cameron have conspired to deprive her of a summer home in Michigan, and to victimize her, her friends and her family.

In 1999 Selzer filed this suit in federal court claiming that Lumen directed the alleged conspiracy perpetrated by Bischoff, other attorneys, Bean, and Cameron. Lumen moved for summary judgment, which the district court granted after concluding that Selzer failed to show that Lumen was involved with Post Rock's efforts to collect the promissory note debt from Selzer or that Bean was acting within the scope of his employment when he hired Bischoff to enforce Selzer's debt for Post Rock.

■■■ On appeal Selzer again argues that Lumen set her up to sign the allegedly fraudulent promissory note with Post Rock, directed Bischoff to harass and intimidate her and her family and friends, and orchestrated the fraudulent conversion of her Michigan property. Only Selzer's speculative and conclusory accusations support her belief that Lumen was involved with or retained an interest in any aspect of Post Rock's attempts to collect on the debt against her. But speculation does not create a genuine issue of fact necessary to survive summary judgment. *Amadio v. Ford Motor Co.*, 99–3728, slip op. at 12 (7th Cir. Feb. 1, 2001); *Amundsen v. Chicago Park Dist.*, 218 F.3d 712, (7th Cir.2000) ("bald assertions without any evidentiary support" failed to demonstrate a conspiracy); *Stagman v. Ryan*, 176 F.3d 986, 995 (7th Cir.), *cert. denied*, 528 U.S. 986, 120 S.Ct. 446, 145 L.Ed.2d 363 (1999) (assertions based on speculation or conjecture do not withstand summary judgment). Additionally, Selzer did not produce evidence showing that, under Illinois law, Bean's recruitment of Bischoff to enforce the debt for Post Rock was done within the scope of his employment man-

aging EDI for Lumen. *See Pyne v. Witmer*, 129 Ill.2d 351, 135 Ill.Dec. 557, 543 N.E.2d 1304, 1308 (1989) (to demonstrate employer's liability for employee's torts, plaintiff has the burden of demonstrating that tort was committed during scope of employment). Because there is no evidence in the record connecting Lumen to the dispute between Selzer and Post Rock, we affirm the district court's grant of summary judgment.

AFFIRMED