**William J. EVERS, Plaintiff–Appellant,**

v.

**Kevin P. REAK, et al., Defendants–Appellees.**

No. 00–3703.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 7, 2001.[*]

Decided Sept. 20, 2001.

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed.R.App.P. 34(a)(2).

Before FLAUM, Chief Judge, EASTERBROOK and KANNE, Circuit Judges.

### ORDER

William Evers, a prolific prisoner litigant, sued the appellees under 42 U.S.C. § 1983 alleging that they denied him access to the courts and conspired to deny his constitutional rights by delaying the legal proceedings that he initiated in a state court case. The district court granted judgment for the defendants. Evers appeals, and we affirm the judgment as modified.

In 1997 Evers filed a lawsuit in the Brown County (Wisconsin) Circuit Court alleging that Robert Langan, the former police chief for the city of Green Bay, had defamed him during a parole proceeding. The suit was delayed in the circuit court for several months while the court considered his request to proceed *in forma pauperis*. After the court granted this request, the case lingered for several more months before the court clerk effected service on Langan. The circuit court ultimately dismissed Evers's case on the merits. These events led Evers to file the present § 1983 suit against Langan, Kevin Reak (Langan's attorney in the state case), Timothy Kelley (the Green Bay City Attorney), Paul Janquart (the clerk of the Brown County Circuit Court), and Tom Mann (the claims manager for the insurance company that insures the City of Green Bay). Evers alleged in Count 1 of his complaint that the appellees denied him access to the courts by delaying his state case. In Counts 2, 3, 4, Evers alleged that the appellees conspired to deprive him of his rights of access to the courts, to due process, and to equal protection. In Counts 5 through 9, Evers alleged state causes of action.

The procedural history of this case is somewhat convoluted. In August 1999 the district court screened Evers's complaint pursuant to 28 U.S.C. § 1915A and concluded that his access-to-the-courts claim, his due process claim, and his equal protection claim each stated a cause of action. In October 1999 Janquart alone moved for summary judgment, which the district court granted. In November 1999 the remaining defendants moved for summary judgment. In July 2000 Evers responded to the defendants' motion for summary judgment, arguing generally that summary judgment was inappropriate. He also moved to reconsider the grant of summary judgment to Janquart on the basis that the court had misconstrued the nature of his conspiracy claims. Evers argued that the complaint did not allege actual violations of his constitutional rights, as the district court seemed to believe, but rather "in general allege[d] that the defendants conspired to deny" his rights of access to the courts, due process, and equal protection.

In ruling on the motion to reconsider, the district court acknowledged that "it did not explicitly address the plaintiff's general conspiracy claims as separate claims." The court denied the motion, but took the opportunity "to clarify that the plaintiff's conspiracy claims should have been and are now dismissed for failure to state a claim" pursuant to 28 U.S.C. § 1915A. The court also reaffirmed its dismissal of Evers's access-to-the-courts claim because Evers had admitted—in light of the conclusion of the Brown County litigation-that the claim was no longer valid, and declined to exercise jurisdiction over Evers's remaining state-law claims.

In a separate ruling on the remaining defendants' motion for summary judgment, the district court again acknowledged that its order of August 1999 had not specifically addressed Evers's conspiracy claims, and undertook an analysis of the adequacy of those claims. The court dismissed the conspiracy claims under 28 U.S.C. § 1915A for failure to state a claim, concluding that Evers had failed to demonstrate the existence of any "joint action, concerted effort, or even a general understanding" between the defendants. The court repeated that it had dismissed Evers's access-to-the-courts claim in light of the termination of the Brown County case. The court again declined to exercise jurisdiction over Evers's pendent state law claims. Though the court purported to grant summary judgment for the defendants, the court's decisions are more aptly viewed as dismissals

for failure to state a claim, and we will therefore analyze them as such.

Evers first argues that the district court erroneously concluded that he failed to state a conspiracy claim. To state a conspiracy claim under § 1983, Evers needed to allege that 1) state officials and private individuals reached an understanding to deprive him of his constitutional rights, and 2) those individuals were willful participants in joint activity with the state or its agents. *Brokaw v. Mercer County,* 235 F.3d 1000, 1016 (7th Cir.2000). Vague and conclusory allegations of the existence of a conspiracy are not enough to sustain a plaintiff's burden' a complaint must contain factual allegations suggesting that the defendants reached a meeting of the minds. *Amundsen v. Chicago Park Dist.,* 218 F.3d 712, 718 (7th Cir.2000). While Evers invoked the term "conspiracy" numerous times in his complain, he did not specifically allege the "what, when, why, and how" of the defendants' supposed agreement to deprive him of his constitutional rights. *See Brokaw,* 235 F.3d at 1016. Evers's allegations of a conspiracy are vague and ill-defined, and fall far short of meeting our requirement that a claim of conspiracy be pleaded with specificity. *See Ryan v. Mary Immaculate Queen Ctr.,* 188 F.3d 857, 860 (7th Cir.1999). Merely asserting that a conspiracy existed did not fulfill Evers's burden, and Evers's complaint was properly dismissed for failure to state a claim. *Hanania v. Loren-Maltese,* 212 F.3d 353, 356 (7th Cir.2000). To clarify any confusion resulting from the district court's judgment, we modify the judgment to reflect that Counts 1, 2, 3, and 4 of Evers's complaint are dismissed pursuant to § 1915A for failure to state a claim.

Evers also argues that the district court abused its discretion by denying him discovery before deciding the defendants' motions for summary judgment. Since his complaint failed to state a claim, however, the district court properly denied him discovery on the conspiracy claims. *See Jafree v. Barber,* 689 F.2d 640, 642 n. 5 (7th Cir.1982) (discovery issues are irrelevant when case is dismissed for failure to state a claim).

Because Evers was an inmate and has a long history of pursuing meritless litigation in the courts of this circuit, we take this opportunity to clarify his filing status under the Prison Litigation Reform Act, 28 U.S.C. § 1915 *et seq.* Under the PLRA a prisoner who accumulates three "strikes" for filing litigation or appeals that are dismissed for failure to state a claim or are malicious or frivolous is barred (with certain exceptions) from filing future suits *in forma pauperis.* 28 U.S.C. § 1915(g). Evers did not proceed *in forma pauperis* in this suit, and it does not appear that any court has tallied Evers's strikes to determine his filing status under the PLRA. We now do so.

Evers received one strike for the district court's dismissal of his complaint in this case. Because it appears that Evers filed this appeal after he was released from custody, § 1915(g) does not apply to this frivolous appeal. *Page v. Torrey,* 201 F.3d 1136, 1139 (9th Cir.2000) ("prisoner" as used in § 1915(g) means an individual who is detained at the time his action or appeal is filed). He accumulated another strike for the dismissal of his complaint in *Evers v. Johnson,* No. 98–C–496–S (W.D.Wis.1998), for failure to state a claim. Evers also accumulated a strike for the dismissal of his complaint in *Evers v. Johnson,* 98–C–832 (E.D.Wis.1998), and yet another strike for his frivolous appeal from that dismissal. *Evers v. Johnson,* No. 99–3761 (7th Cir. May 24, 2000) (unpublished order). Evers has thus accumulated more than three strikes pursuant to

§ 1915(g). Accordingly Evers is barred from filing any future suits *in forma pauperis* if he is again incarcerated (unless he is in imminent danger of serious physical injury). *See* 28 U.S.C. § 1915(g).

 In addition to using the remedies available under the PLRA to combat frivolous prisoner litigation, we may also enter an order barring Evers from filing any more suits in this circuit until he has paid the docketing fees from his previous cases. *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir.1995). A PACER search reveals that Evers filed at least 18 lawsuits in the Eastern District of Wisconsin and seven in the Western District, five of them since the effective date of the PLRA. Evers has also filed at least 11 civil appeals in this court. Evers's numerous lawsuits are a burden on this court and the district court, and serve only to delay consideration of other litigants' legitimate claims. We do not know whether Evers has paid all of the outstanding docketing fees for the cases he filed since the PLRA became effective, *see* 28 U.S.C. § 1915(b); if he has not, a *Mack* bar is warranted.

We therefore issue a Rule to Show Cause directing Evers to list all of the federal civil actions and appeals he has filed since April 26, 1996 (the effective date of the PLRA) and state whether he has paid the required filing fees in full, and, if not, to specify the amount remaining unpaid. In addition, if fees remain unpaid, Evers is ordered to show cause why a *Mack* order should not be entered against him barring future litigation (except for criminal appeals and collateral attacks) in this circuit until all outstanding fees are paid.

For the foregoing reasons, we MODIFY the judgment of the district court to reflect that Counts 1, 2, 3, and 4 of Evers's complaint are dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim, and AFFIRM the judgment of the district court as modified. Because Evers has accumulated more than three strikes, he is BARRED pursuant to 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* if he is again incarcerated. Evers is given 14 days from the date of this Order to respond in writing to the Rule to Show Cause issued herein.